# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**LARRY JOHNSON and ORA PITTMAN**                                          **PLAINTIFFS**

**v.**                                                           **CIVIL ACTION NO. 3:09cv300-HTW-LRA**

**STATE OF MISSISSIPPI and DEPT.**
**OF YOUTH SERVICES**                                                               **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court *sua sponte* upon a review of the docket. Larry Johnson and Ora Pittman [hereinafter "Plaintiffs"] filed a Complaint on May 15, 2009, naming the State of Mississippi and the Department Of Youth Services as Defendants. On October 9, 2009, Plaintiffs filed a Motion for Leave to Serve Defendants [Doc. 4]. By Order [Doc. 5] filed October 26, 2009, Plaintiffs were granted an extension of time within which to serve process, or until December 1, 2009.

Although over five months have now passed, process still has not been served on Defendants. On March 17, 2010, the Court entered an Order to Show Cause [Doc. 6], directing Plaintiffs to show cause on or before March 31, 2010, as to why service of process had not been completed. No pleading of any kind has been filed in response to the Order, nor has process been served. Accordingly, this case should be dismissed.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. …

The time period for serving process originally expired on or about September 15, 2009. Nearly eight months have now passed since the deadline, and the Complaint was filed a year ago. Although one extension has been granted, there have been no requests for additional extensions or any response to the Order to Show Cause.

For these reasons, it is the recommendation of the undersigned that the Complaint filed by Plaintiffs should be dismissed due to their failure to have the summons and complaint served on the named Defendants within 120 days of the filing of the Complaint. The dismissal shall be without prejudice and entered pursuant to FED. R. CIV. P. 4(m).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 14th day of May, 2010.

                                        S/ Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE